NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10321 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00064-APG |
| v. | |
| DAVID DAMANTE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

David Damante appeals from the district court's judgment and challenges the 14-month sentence of imprisonment and 12-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Damante contends that his sentence is substantively unreasonable.  He argues that the district court acted unreasonably in imposing an above-Guidelines custodial sentence after crediting his evidence concerning the threats against him, and in imposing a 12-month term of supervised release for "technical" violations.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The record shows that the district court was only partially persuaded by Damante's mitigating evidence and believed that an above-Guidelines sentence was warranted to promote deterrence and to protect the public.  The 14-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including the length of Damante's prior revocation sentence and his continued poor performance on supervision.  *See Gall*, 552 U.S. at 51.  Moreover, the 12-month term of supervised release is substantively reasonable because the nature and number of Damante's violations showed that a substantial period of continued supervision is warranted.  *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (need to deter may be greater where the conduct underlying the revocation is similar to the conduct underlying the original offense).

**AFFIRMED.**